[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff appeals from the decision of defendant Commissioner of Motor Vehicles suspending her motor vehicle operator's license under the provision of General Statutes § 14-227b. The issues are found for defendant Commissioner and the decision of the agency is affirmed.
The facts are not essentially in dispute. On September 18, 1993, while on routine patrol within the Town of Stonington, a police officer observed a vehicle being operated in an erratic manner on Route 1. The vehicle was crossing the center line and weaving within the oncoming traffic lane.
The officer attempted to stop the vehicle by activating the overhead strobe light and sounding the horn. The vehicle did not stop until after the officer sounded his siren.
Plaintiff was the operator and sole occupant of the vehicle.
When asked by the officer how much she had to drink, plaintiff responded "not too much." The officer reported that plaintiff's eyes were red and her speech "very mumbled and slurred with a strong odor of alcohol on her breath." A horizontal gaze nystagmus test indicated a substantial amount of alcohol in plaintiff's blood stream.
After plaintiff performed poorly on other tests, she admitted that she had too much to drink. At this point she was placed under arrest and transported to police headquarters for processing.
At the police station plaintiff was advised of her constitutional rights. Using Form A-44 as a guide plaintiff CT Page 11450 was also advised of the consequences of a chemical alcohol/drug test and what would happen if she refused or failed to take the test. She was advised that she could contact a lawyer if she wished and it was requested that she submit to breath tests.
Plaintiff declined to call a lawyer and agreed to take the tests which were administered using an Intoximeter 3000 machine. The first test resulted in an indication of .189 BAC, the second test indicated .192 BAC.
In accordance with General Statutes § 14-227b(c) a written report of the arrest and test results was sent to the Department of Motor Vehicles. Since plaintiff's BAC, as indicated on the breath test, exceeded ten-hundredths of one percent of alcohol by weight, plaintiff was notified by defendant Commissioner that her driver's license was to be suspended for ninety days. Plaintiff was also notified that she could have a hearing to contest the suspension if she so desired.
Plaintiff requested and was given a hearing before the Commissioner's designee, Hearing Officer James Quinn, Esq. As a result of such hearing, Mr. Quinn made the following findings of fact and conclusions of law:
 1. That the police officer had probable cause to arrest plaintiff for a violation specified in General Statutes § 14-227b(b).
2. That plaintiff was placed under arrest.
 3. That plaintiff submitted to the tests, the results of which indicated a BAC of .10% or more.
4. That plaintiff was operating the motor vehicle.
The hearing officer also found that no evidence was offered to refute the allegations of the A-44 forms and that there was sufficient evidence in the A-44 and narrative to prove that the tests had been administered within two hours of operation.
As a result of the above findings plaintiff's operator's license was suspended for ninety days. CT Page 11451
Plaintiff has appealed under the provisions of General Statutes § 4-183(a) from the decision of defendant Commissioner and the suspension of her operator's license.
In deciding this appeal the court's scope of review is limited by the provisions of General Statutes § 4-183(j)Buckley v. Muzio, 200 Conn. 1, 3 (1986).
Plaintiff's sole claim, and the only issue raised before the hearing officer and at trial, is that the officer's report to defendant Commissioner failed to comply with General Statutes § 14-227b as amended by Public Act 93-371.
As amended by Public Act 93-371, the implied consent statute, § 14-227b, provides in subsection (c) that the arresting officer "shall" prepare a written report of the incident which must be mailed to defendant Commissioner together with other documents within a specified time. The report must be on a form approved by defendant Commissioner. This is the Form A-44.
The statute states, in pertinent part, that the report "shall set forth the grounds for the officer's belief that there was probable cause to arrest . . . for operating a motor vehicle while under the influence of intoxicating liquor, and shall state . . . that such person submitted to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated the ratio of alcohol in the blood of such person was ten hundredths of one percent or more of alcohol by weight."[1]
A review of the record confirms plaintiff's assertion that the officer's report, the Form A-44, did not set forth in specific language the conclusion that the test or analysis commenced within two hours of the time of operation. The report did, however, set forth sufficient information from which this could be concluded by the hearing officer.
The report indicates that plaintiff was stopped at 0230 while operating her vehicle on Route 1 in Stonington. The report further states that the first breath test was performed at 0317 and the second at 0359. The time if the tests is confirmed by the tapes showing the results of the tests attached to the report as required by statute. CT Page 11452
In Marshall v. Del Ponte, 27 Conn. App. 346-352 (1992) the Appellate Court held that it was error for a hearing officer to conclude that a motor vehicle operator's blood alcohol level was .10% or more at the time of operation without sufficient evidence to support such conclusion in the record and, that the Commissioner could not properly suspend a license on such an unsupported finding. Subsequently, the implied consent statute was amended by P.A. 93-371, as previously noted. The effect of this amendment was to allow the Commissioner to suspend where the hearing officer made the four findings required by the statute and that the tests were administered within two hours of operation.
Plaintiff asserts that the plain language of the statute, as amended, mandates that the report state that the test. commenced within two hours of the time of operation. Since the report did not contain this language she argues that the law was not complied with, therefore, defendant Commissioner exceeded his authority in suspending her license.
In arguing for a strict interpretation of the statute, plaintiff relies on criminal decisions. This case, however, does not involve a criminal prosecution. This is an appeal involving an administrative license revocation proceeding under Section 14-227b. In an administrative action such as now before the court, the agency need only produce probative and reliable evidence to ensure that the proceedings were fundamentally fair. Marshall v. Del Ponte, supra 351.
The argument advanced by plaintiff would place form over substance and would require the Commissioner to ignore substantial facts obvious on record.
It cannot be found that plaintiff's substantial rights have been prejudiced because of any error in the administrative findings, inferences, conclusion or decision which resulted in the suspension of her license. General Statutes § 4-183(1-6).
Accordingly, judgment is rendered for defendant Commissioner affirming the decision appealed from.
Purtill, J. CT Page 11453